# SCULLY SCOTT MURPHY & PRESSER PC
### SECURING INGENUITY®
#### PATENTS • TRADEMARKS • COPYRIGHTS

400 GARDEN CITY PLAZA
SUITE 300
GARDEN CITY, NY 11530
516-742-4343
FAX: 516-742-4366
E-MAIL: INTPROP@SSMP.COM
WWW.SSMP.COM

PETER I. BERNSTEIN*
THOMAS SPINELLI*
XIAOCHUN ZHU, PH.D.
EDWARD W. GROLZ
STEVEN FISCHMAN
WILLIAM CHUNG
EUNHEE PARK
SETH M. WEINFELD
FRANK S. DIGIGLIO
PAUL J. ESATTO, JR.
MARK J. COHEN, PH.D.
RICHARD L. CATANIA
KEITH A. WELTSCH
BRIAN M. ROTHERY

*MANAGING PARTNERS

ASSOCIATES & PATENT AGENTS
LESLIE S. SZIVOS, PH.D.
EDMUND GUTIERREZ, PH.D.
HESONG CAO
KATE H. WONG
RIDDHI BHATTACHARYYA, PH.D.
JOHN D. CRAVERO, PH.D.
RYAN GOODELL
GABRIEL SHEN
SILVIA SOLANO

COUNSEL
ALLEN R. MORGANSTERN
1940 - 2024

RETIRED
JOHN S. SENSNY

ANTHONY C. SCOTT
1931 - 1994
LEOPOLD PRESSER
1927 - 2011
STEPHEN D. MURPHY
1941 - 2013
KENNETH KING
1940 – 2019
JOHN F. SCULLY, PH.D.
1925 - 2020

May 13, 2026                                                    **By ECF**

The Honorable Sanket J. Bulsara
United States District Court Judge

The Honorable Anne Y. Shields
United States Magistrate Judge

United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722

Re:    VDPP, LCC. v. Speco Technologies, CA No.: 2:25-cv-06294 (SJB) (AYS);
       Letter Brief in Opposition to the Motion for Admission Pro Hac Vice of
       William P. Ramey III

Dear Honorable Judge Bulsara and Magistrate Judge Shields:

Defendant, Speco Technologies ("Speco"), opposes the motion for admission *Pro Hac Vice* of William P. Ramey III (Dkt 26, "Ramey PHV Motion"). Courts have admonished Mr. Ramey numerous times, including for the same conduct at issue in this Case, including sanctioning Mr. Ramey and his law firm, and denying *pro hac vice* admission, including recently in a related case that was before this Court, *VDPP, LCC v. Janam Technologies LCC*, No. 2:25-cv-05391 (EDNY) (SJB) (ATS), hereinafter "the *Janam* Case" (Docket Entries 23 and 24 and resulting Order). Nothing has changed since the decision of this Court in the *Janam* Case that would warrant a different course of action in this Case. Indeed, while Mr. Ramey states his Office has modified their practices to comply with requirements of sanction orders from the Northern District of California, Mr. Ramey's actions in this Case and the *Janam* Case demonstrate otherwise.

## BACKGROUND:

VDPP in its Complaint ("this Case") purportedly sets forth allegations that Speco infringes two underlined expired patents: U.S. Patent Nos. 10,021,380 ("the 380 Patent") and 9,716,874 ("the 874 Patent"). The 380 Patent was also asserted in the *Janam* Case. The Asserted Patents in this case emanate from the same original patent application and are just two patents of a much larger patent family, asserted in the *Janam* Case and in numerous other cases.

VDPP is a patent assertion entity (NPE) that as of December 2025 had asserted the 380 Patent in 67 patent infringement filings and the 874 Patent in 36 patent infringement filings. Mr. Ramey is believed to be lead Counsel representing VDPP, or its predecessor VEI, in all these patent infringement actions. Many of the VDPP cases have been dismissed routinely and VDPP's counsel, Mr. Ramey, has been subject to sanctions. *VDPP LLC, v. Volkswagen Grp. of Am., Inc*., No. 4:23-cv-2961 (S.D. Tx. 2023) (Rothery Declaration, Exs. A-1 and A-2). As in the *Janam* Case, the Certificate

of Interested Parties in this Action shows that Ramey Law has a financial interest in, and has received ECF filing from the outset in, this Case. (Rothery Declaration, ¶¶ 3, 7).

VDPP filed this Case against Speco on November 12, 2025 and served the Complaint on or about December 4, 2025. On December 15, 2025, counsel for Speco, spoke to Mr. David J. Hoffman – counsel named on VDPP's Complaint – regarding an extension. Mr. Hoffman granted the extension and stated that for anything substantive, reach out to Mr. William Ramey. Mr. Rothery followed up confirming the extension and confirming to contact Mr. Ramey for anything substantive. (Rothery Declaration, ¶¶4-6).

Speco uncovered on January 27, 2026 recent filings in the *Janam* Case resulting in this Court denying Mr. Ramey's Motion for Admission Pro Hac Vice. On that day, Mr. Rothery seeing the parallels between the *Janam* Case and other VDPP cases, emailed Mr. Hoffman and Mr. Ramey advising them that Mr. Ramey is VDPP's effective and true counsel, and that Mr. Ramey should make an appearance in this Case. When no response was received to the January 27, 2026 email letter, Speco reached out yet again on January 29, 2026 to Mr. Hoffman and Mr. Ramey requesting an extension to bring its Motion to Dismiss the Complaint until after the appearance of Mr. Ramey is resolved. (Rothery Declaration, ¶¶ 8-12).

On January 30, 2026, Speco by letter motion requested that the Court compel Mr. Ramey to make an appearance in this Action, denied by this court on February 10, 2026 stating that the application was untethered to the rules of this Court[1]. On February 20, 2026, Speco requested a premotion conference to address a Motion to Dismiss the Complaint, wherein Speco again raised Mr. Ramey's continued practice of law in this Case. VDPP opposed Speco's request for a premotion conference[2] without Mr. Ramey making an appearance. The Court on April 3, 2026 agreed with Speco that "there are material deficiencies in Plaintiff's Complaint that may require dismissal of one or more claims" but permitted VDPP to file any Amended Complaint. (Rothery Declaration, ¶¶ 13-16).

VDPP filed an Amended Complaint on April 24, 2026[3]. Speco on May 8, 2026 brought a renewed request for pretrial conference, where Speco again raised in a footnote Mr. Ramey's continued practice in this Case. Later that same day on May 8, 2026, Mr. Ramey brought the Ramey PHV motion. (Rothery Declaration, ¶¶ 17-20)

---

[1] The Court stated there was no basis to disqualify Mr. Ramey as he had not filed a notice of appearance or requested *pro hac vice* admission.

[2] The court reminded VDPP of its failure to follow Judge Bulsara's individual rules on March 2, 2026.

[3] The court had to remind VDPP of local civil Rule 15.1 and ordered VDPP to file a red-lined and clean copy of the Amended Complaint.

**ARGUMENT:**

Speco recognizes that admission *pro hac vice* rests within the Court's discretion, and defers to the Court as to the appropriate procedure for addressing the issues presented. Speco, however, requests the court at least deny the Ramey PHV Motion.

First, Magistrate Judge Shields of this Court recently denied a motion to admit Mr. Ramey *pro hac vice* in the *Janam* Case. Speco is not aware of any material facts or changed circumstances that warrant a different result in this Case. The *Janam* Case was brought by the same Plaintiff VDPP, involved at least one of the same patents (the 380 Patent), and another patent from the same patent family. The circumstances and efforts to pursue Mr. Ramey to make his PHV Motion are also remarkably similar between this Case and the *Janam* Case. In fact, the Ramey law firm and Mr. Ramey as detailed in *Koji IP, LLC v. Renesas Electronics America, Inc.*, 24-cv-03089 (N.D.Cal. 2024), have a policy and reoccurring practice of not seeking *pro hac vice* admission in their cases. (Rothery Declaration, Ex. A-6).

Second, while Mr. Ramey acknowledges he has been denied *pro hac vice* admission in five cases and has been sanctioned in at least two other cases, Mr. Ramey appears to have been sanctioned in far more cases than identified in the Ramey PHV Motion.[4] For example, *AML IP, LLC v. Aero Global, LLC*, 23-cv-11264, 2025 WL 2673691 at 2-3, (S.D.N.Y. 2023) identifies twelve (12) cases initiated by Mr. Ramey that courts have found exceptional under 35 U.S.C. 285 or that otherwise warranted sanctions, and the court granted fees under section 285 in the *AML* case. (Rothery Declaration, Ex. A-4). Ramey has been denied *pro hac* admission in four different district courts in actions filed as recently as 2025, including being denied admission in 2026 in S.D.N.Y. in another action brought on behalf of VDPP. *VDPP, LLC v. Olympus America, Inc.*, 1:25-cv-09243 (S.D.N.Y. 2025). (Docket Entry 30).

In m*Com IP, LLC v. Cisco Systems*, Inc., 6:22-cv-00261 (W.D.Tx. 2022), the court stated in a December 2025 order that Mr. Ramey's conduct has been subject to sanctions in other courts besides the Western District of Texas including district courts in California, Texas, and New York at least nine times, awarded attorney fees on the basis of Mr. Ramey advancing "substantively weak positions in an unreasonable manner", sanctioned Mr. Ramey under 28 U.S.C. 1927 as a result of his conduct "multiplying the proceedings vexatiously and showing a reckless disregard to his duty to the Court", and as a result of <u>Mr. Ramey's continued failure to complete proper pre-suit investigations enjoined Mr. Ramey and his law firm from filing future complaints for patent infringement in the Western District of Texas without advance permission from the court</u>. (Rothery Declaration, Ex. A-5)

---

[4] Speco raises herein some of the cases it has uncovered as a demonstration of the sanctions levied against Mr. Ramey and his law firm. The amount of research, time and work involved to run down all the cases handled by the Ramey law firm, and the number of cases involving some type of sanctions against Mr. Ramey would be extensive and expensive. (Rothery Declaration, ¶ 21).

Moreover, VDPP and Mr. Ramey were sanctioned already for its position on a motion to dismiss regarding patent marking, an issue which is the subject of a pending motion to dismiss in this Case. The *Volkswagen* Court found flaws in VDPP's complaint stating: "**<u>VDPP's claim for pre-suit damages could not succeed because VDPP could not claim marking compliance under 35 U.S.C. 287</u>**" and further sanctioned Ramey and VDPP stating: "There is a strong need for deterrence, not only of VDPP, but of its counsel"). (Rothery Declaration, Ex. A-1).

Third, Mr. Ramey and his law firm have a policy and reoccurring practice of not seeking *pro hac vice* admission. In the Ramey PHV Motion, Mr. Ramey states that they have modified their practices to comply with the requirements of the order of the *Koji* Court. (Rothery Declaration, Ex. A-6). Mr. Ramey's actions in this Case and the *Janam* Case demonstrate otherwise. The *Koji* Court documented the practice of Mr. Ramey in not obtaining *pro hac* admission and the sanctions levied against Mr. Ramey for improper conduct involving failure to follow local rules or procedures on *pro hac vice* admission. The *Koji* court further listed cases establishing "a larger context of a pattern of sanctions ordered against Mr. Ramey."

The *Koji* court found that Mr. Ramey ghostwrites pleadings, briefs, and infringement contentions, as well as settlement negotiations, all in the background without informing the judge of the substantial work they are doing on the case. A practice that Mr. Ramey continued in this Case (and in the *Jaman* Case), and would have continued but for Speco's counsel continually raising Mr. Ramey's unauthorized practice of law in this Case.

In this case and in the *Janam* Case, Mr. Ramey had ample opportunity to seek pro hac admission but had to be pushed into filing for *pro hac* admission. (Rothery Declaration, ¶¶ 12-19). Mr. Ramey has not modified his or his firm's practices.

Fourth, Mr. Ramey's lack of diligence and/or general sloppiness continues, and is demonstrated in Mr. Ramey's Affidavit where he wishes to be admitted "to represent Yakar Technologies, LLC in this action."

**<u>CONCLUSION:</u>**
For the foregoing reasons, Speco requests that the Court:
(1) deny the PHV motion; and
(2) order any other relief, sanction, or remedies the Court deems appropriate in view of the serious repetitive and reoccurring nature of the conduct discussed herein.

Speco appreciates the Court's attention to this matter[5].

---

[5] I certify that the body of this letter, including footnotes (other than this one) is at or under 1750 words according to Microsoft Word and complies with the Court's word limits.

Respectfully submitted,
Scully, Scott, Murphy & Presser, P.C.

/s/ Brian M. Rothery
Brian M. Rothery
Peter I. Bernstein
Brian M. Rothery
Seth M. Weinfeld
400 Garden City Plaza, Suite 300
Garden City, New York 11530
(516) 742-4343